IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| ROY LEE WADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 04-1040-T/An |
| | ) | |
| MARK DAVIDSON, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING UNIDENTIFIED DEFENDANT
AND
ORDER FOR PLAINTIFF TO SHOW CAUSE

Plaintiff Roy Lee Wade filed this action pursuant to 42 U.S.C. § 1983 against Mark Davidson, the Sheriff of Chester County, Tennessee; John Doe, an unidentified Deputy Sheriff for Chester County; Harry Cooper, the Chief of Police for the City of McKenzie, Tennessee; Virgil Bush, Jr., a McKenzie police officer; and the City of McKenzie. On June 7, 2004, the Court granted summary judgment to the named McKenzie defendants.

Plaintiff filed an amendment to the complaint on August 27, 2004, adding James Clifford d/b/a J. W. Auto Sales; John Doe I, an unidentified individual acting on Clifford's behalf; the City of Henderson, Tennessee; the Henderson Police Department; and John Doe II, an unidentified Henderson police officer, as defendants. The Court granted a motion for summary judgment filed on behalf of the Henderson defendants, including John Doe II,[1] on October 7, 2004.

---

[1] The individual identified as "John Doe II" in the amendment to the complaint is the same individual identified simply as "John Doe" in the original complaint. The amendment, however, identifies this person as a Henderson police officer rather than a Chester County deputy.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 6/7/05

On November 10, 2004, the Court entered an Order of Non-Suit as to Chester County and Chester County Sheriff Mark Davidson. Thus, the only remaining defendants in this action are James Clifford d/b/a J. W. Auto Sales and the unidentified "John Doe I" allegedly acting on his behalf. However, any claims asserted against "John Doe I" are time-barred, as the filing of a complaint against an unidentified defendant does not toll the running of the statute of limitations against that party. See Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996); Bufalino v. Michigan Bell Telephone Co., 404 F.2d 1023, 1028 (6th Cir. 1968). Therefore, the claims against "John Doe I" are hereby DISMISSED.

On December 15, 2004, plaintiff filed an application for entry of default against James Clifford pursuant to Fed. R. Civ. P. 55(a). The Clerk entered default against Clifford on December 21, 2004. However, plaintiff has not sought a default judgment, and has taken no further action in this case.

Plaintiff is hereby ORDERED to show cause, within twenty (20) days after the entry of this order, why any claims against Clifford should not be dismissed for failure to prosecute.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

6 June 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 46 in case 1:04-CV-01040 was distributed by fax, mail, or direct printing on June 7, 2005 to the parties listed.

---

John D. Burleson
RAINEY KIZER REVIERE & BELL
105 S. Highland Avenue
Jackson, TN 38302--114

Sam J. Watridge
LAW OFFICE OF SAM J. WATRIDGE
1215 Main Street
Humboldt, TN 38343

Honorable James Todd
US DISTRICT COURT